[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on June 29, 1985 in Deridder, Louisiana. By complaint dated April 12, 2000, the Wife instituted this action claiming a dissolution of marriage, a fair division of the property and debts, alimony, child support, and sole custody of the minor children, and other relief as law and equity might provide. The Husband filed a Cross Complaint dated August 15, 2001, claiming a dissolution of the marriage, custody of the minor children, a fair division of the property and assets and such other and further relief as the court may determine fair and equitable.
Three minor children were born issue of this marriage: Eriqa, born on May 10, 1991; Eriq, born on January 28, 1996 and Erynne, born May 22, 1997.
The Husband is age 38 and in good health. The Wife is age 37 and in good health.
Both parties are equally responsible for the breakdown of the marriage. Both have had extra martial affairs. They have limited assets and few debts.
The main issue before the court is who will have physical custody of the children. They parties have agreed to joint legal custody.
When the parties first separated, the children went with the Wife. The parties reconciled several times since their initial separation. There has been two times (once during the pendency of this action) that the Wife took the children out of the state of Connecticut without informing the Husband of her plans or the whereabouts of the children. Both times she took the children back to her home state of Louisiana. The removal of the children during the pendency of this action resulted in an order from this court (1/14/02, Kenefick, J) of sole custody to the Husband. The Wife has had an order of visitation with the children. However, she has not fully exercised her rights under that order. CT Page 12349
The Husband lives in New Britain in a three bedroom apartment. The two girls sleep in the same bedroom, the boy has his own bedroom as does the Husband. The children are enrolled in Catholic school in New Britain and in an after school program until the Husband' work day ends. The Husband is employed by the Department of Children and Family.
The Wife lives in West Haven, in a two bedroom apartment with an woman named Mrs. Terry. When the children visit, the oldest girl sleeps in the same bed with Mrs. Terry, the youngest girl sleeps in bed with her mother and the boy sleeps on a cot or the sofa. The Wife is employed by Federal Express working midnight to 6a.m.
Neither the Family Relations Officer who prepared an updated study nor the Guardian Ad Litem for the children, were aware of the sleeping arrangements at the Wife's shared apartment when they made their recommendations to the court as to the physical custody of the children.
The Wife testified that she is trying to locate a larger apartment, however, she has made no tangible efforts to do so. There is also the problem of caring for the children while she is working. She testified that Mrs. Terry would be doing that, but was unclear if that would still be in Mrs. Terry home or at the Wife's new apartment. The Wife has not made tangible efforts to present to the Court a viable plan for the children. If in the future she is able to provide to the Court a positive living arrangement for the children and a plan for good care for the children, then that might well be a basis for awarding her physical custody of the children. At this time she has not does so.
Both the Family Relations Officer and the GAL testified that the oldest child, Eriqa, wishes to live with her mother. They both stated that Eriqa seems to express opinions and statements which are deeply influenced by the Wife. The GAL testified that Eriqa has stated that the Husband does not make their meals, that she does all the cleaning and caring for the younger children. The Husband testified to the contrary. The truth probably lies somewhere between them.
The Wife has made allegations against the Husband regarding inappropriate sexual conduct by him with the children. These allegations have been investigated by DCF and found to be unsubstantiated. However, the Husband needs to use better judgment in his choice of baby-sitters for the children.
The Wife received a settlement check on behalf of the children in the amount of $6,000.00 in regards to an automobile accident. She was ordered CT Page 12350 by the court to deposit that money in escrow with her attorney. She did not, even though she had the uncashed checks in her possession when the order was entered (1/14/02, Kenefick, J.), The Wife testified that she had knowledge of the order and the ability to comply with the order, she instead spent the money. She paid her attorneys fees, bought Christmas presents for the children and bought other household items with the money.
At this time, the children's best interests are better served with the Husband than with the Wife. He has an apartment which better serves the living needs of the children, especially Eriqa who will turn 12 next year. He has a plan for their education by enrolling them in private school. He attends to their educational needs. He has arranged for their care when he is working. For all of these reasons, this court shall award physical custody of the children to the Husband. However, the Husband is ordered to install in the apartment a telephone, so that the children may have daily contact with the Wife.
There was a question as to whether or not the Husband is using any illegal substances. He agreed to an immediate drug test in court. The results of that test were negative.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on October 2, 2002
CUSTODY/VISITATION
The Husband and the Wife shall share joint legal custody of the children, physical custody with the Husband.
The Wife shall have the right of reasonable, flexible and liberal visitation with the children, including the following as a minimum: alternating weekends from Saturday at 9am to Sunday at 7pm and one evening per week from after school to 7pm. The parties shall alternate holidays and shall share the birthday of each of the children. The Wife CT Page 12351 shall have at least four consecutive weeks in the summer with the children. Each party shall enjoy unfettered telephone access with the children when they are in the care of the other party and shall fully cooperate with each other to allow open communication with the children.
The parties shall further consult and discuss with each other all significant health, education and welfare issues concerning the minor children. If they can not reach an agreement, they shall first seek mediation from Family Relations before seeking an order from any court.
Neither party shall remove the children from the State of Connecticut without the express, written consent of the other party. Said consent shall not be unreasonably withheld. If either parent violates this order and removes the children from the State of Connecticut without the consent of the other parent, the other parent may ask the court to award them sole legal custody of the children
CHILD SUPPORT
According to the guidelines, the Wife should pay to the Husband the sum of $52.00 per week as child support for the three children. However, since the Wife's income at this time is $198.00 net and taking into consideration the order below for alimony to be paid to the Wife, the court shall deviate from the guidelines due to the coordination of the total family support (deviation criteria 5 (b)).
The obligations of support and maintenance of the minor children shall terminate as each such child attains the age of eighteen (18) years, marries, dies, becomes employed full time being no longer enrolled in high school, or ceases to reside with the Husband under circumstances where the Husband is no longer furnishing the child's support or becomes otherwise emancipated, which ever occurs first.
Notwithstanding that a child has reached the age of eighteen (18) years, if the child is a full time high school student and continues to reside with the Husband, the Wife shall continue to pay child support as specified above, until the child completes the twelfth (12) grade or attains the age of nineteen (19) years, whichever occurs first.
The Wife shall take the youngest child as dependent for income tax purposes and the Husband shall take the two older children as dependents for income tax purposes.
ALIMONY
CT Page 12352
The Husband shall pay to the Wife periodic alimony of $200.00 per week for the term of five (5) years, non-modifiable as to term unless sooner terminated by the death of either party, the Wife's remarriage, or the Wife's cohabitation as defined by statute.
POST-SECONDARY EDUCATION SUPPORT ORDER
Pursuant to Public Act 02-128, the parties agreed that the Court shall retain jurisdiction over this issue and decide the issue at a later date. The parties should file a Request for an Order at least one year before the oldest child is ready for post-secondary education.
However, since the Wife wasted $6,000.00 of the children's monies, contrary to a court order to maintain said funds in an escrow account, the Wife shall be solely responsible for the first $2,000.00 for each of the children's post-secondary education.
MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILDREN
The Husband shall maintain, at his sole expense, the present medical/dental insurance for the children.
Pursuant to the Child Support Guidelines, the Husband shall pay 80% of the unreimbursed medical/dental expenses and the Wife shall pay 20% of same.
The Husband shall not contract for any extraordinary expenses for the children without first consulting with the Wife except in case of emergencies.
The provisions of 46b-84 (e) shall apply.
MEDICAL INSURANCE — WIFE
The Wife shall be responsible for her own medical insurance coverage.
LIFE INSURANCE
The Husband shall maintain life insurance provided to him through his employment naming the children as beneficiaries until each child attains the age of eighteen (18) years.
PERSONAL PROPERTY
The parties shall equally divide their personal property. If they are unable to do so, they shall submit the issue to Family Relations for CT Page 12353 binding mediation.
DIVISION OF DEBTS AND ASSETS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit (including the $800.00 telephone bill) and the Wife shall be responsible for the debts on her financial affidavit (with the exception of the Student loan listed on the Wife's financial affidavit in the amount of $8,000.00. Only $3,000.00 of that is the Wife's debt).
Except as otherwise provided herein, the Husband shall retain all assets listed on his financial affidavit and the Wife shall retain the assets listed on her financial affidavit.
AUTOMOBILES
Each party shall retain the automobile listed on their Financial Affidavit, free and clear of any claim by the other. The parties shall sign whatever documents are required to effectuate this order within 30 days of the date of the dissolution.
RETIREMENT ACCOUNTS
The parties shall equally divide the Husband's pension with the State of Connecticut by means of a Qualified Domestic Relations Order, if needed. The parties shall equally share the cost of preparing the necessary documents. The Superior Court shall retain jurisdiction over this issue until the account is distributed between the parties and to resolve any disputes which may arise with regard to the preparation and execution of the QDRO.
PARENTING EDUCATION CLASS
The Wife has not completed the Parenting Education Class. She is ordered to do so by December 10, 2002. If she has not successfully complete said class she is to report to this court on December 10, 2002 at 9:30am to explain why she has not complied with this order.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees
TAX RETURNS
CT Page 12354
The parties shall file separate tax returns for the year 2002 and thereafter. In the past, if the parties have filed joint returns, if there is any liability, cost, penalty associated with the previous filings of joint income tax returns, the party responsible for such cost or penalty shall be solely responsible for same and indemnify and hold the other party harmless from same.
MOTOR VEHICLES
The parties shall be entitled to their respective motor vehicles.
RESTORATION OF NAME
The Wife's name of Guillory is restores to her.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
___________________ FRANKEL, J. CT Page 12355